UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON SPENCER WEEKS,

    Petitioner,

v.                                              Case No.:  8:09-cv-1173-T-24
                                                                    8:94-cr-65-T-24

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

       This cause is before the Court upon Petitioner Jason Spencer Weeks' amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc. No.13; CR Doc. No. 581).   Because review of the motion, memorandums, and case file conclusively show that Petitioner is not entitled to relief, the Court will proceed to address the matter without a hearing.

**I.  Background**

       In December of 1994, after a jury trial, Petitioner was found guilty of conspiracy, fraud, money laundering, interstate transportation of stolen property, conspiracy to murder, possession of unregistered firearm silencers, and illegal possession of a firearm and ammunition by a fugitive.  (CR Doc. No. 264).  He was sentenced on March 22, 1995.  (CR Doc. No. 324, 325), and he appealed his sentence on March 29, 1995.  (CR Doc. No. 330).  On April 17, 1998, the Eleventh Circuit affirmed his judgment and sentence.  (CR Doc. No. 457).

       On December 23, 1998, he filed a § 2255 motion to vacate his sentence ("original § 2255

motion"). (CR Doc. No. 467). However, on August 20, 1999, he withdrew his original § 2255 motion, and the Court dismissed the civil case without prejudice. (CR Doc. No. 484, 485). Thereafter, he applied to the Eleventh Circuit for permission to file a successive § 2255 motion, and his request was denied on January 26, 2006 as unnecessary due to the district court dismissing his original § 2255 motion without prejudice. (CR Doc. No. 499).

On June 1, 2009, Petitioner filed a § 2255 motion ("second § 2255 motion") based on the Supreme Court's June 2, 2008 decision in U.S. v. Santos, 553 U.S. 507 (2008). (CV Doc. No. 1; CR Doc. No. 557). This Court erroneously denied Petitioner's second § 2255 motion as untimely and successive. (CV Doc. No. 5; CR Doc. No. 559). Petitioner appealed, and the Eleventh Circuit reversed and remanded, finding that his second § 2255 motion based on Santos was timely (because it was filed within one year after the Santos decision) and not successive (because his original § 2255 motion was dismissed without prejudice). (CV Doc. No. 16). Currently pending before this Court is Petitioner's 2010 amended § 2255 motion ("third § 2255 motion").

## II. Discussion

Petitioner asserts five grounds in his third § 2255 motion in support of his contention that he is entitled to relief under § 2255: In Ground One, he argues that his conviction for the money laundering counts (Counts 9 and 10 of the indictment) should be vacated due to the Supreme Court's decisions in Santos and Clark v. Martinez, 543 U.S. 371 (2005). In Grounds Two through Five, he argues that trial counsel was ineffective regarding advice given about pleading guilty and that appellate counsel was ineffective for failing to challenge certain sentencing issues on direct appeal. While Ground One of his third § 2255 contains the same arguments as set forth

in his second § 2255 motion, Grounds Two through Five of his third § 2255 motion contain entirely new arguments.

The Eleventh Circuit has already found that the arguments set forth in Ground One based on Santos are timely filed. However, this Court finds that the ineffective assistance of counsel claims set forth in Grounds Two through Five are not timely filed, as they are not based on Santos. Instead, these are claims that should have been filed within one year after his conviction became final, which means that they had to be filed by July 16, 1999 to be timely.[1]

Petitioner argues that Grounds Two through Five of his third § 2255 relate back approximately twelve years to his original § 2255 motion, which was timely filed on December 23, 1998. Even assuming that Grounds Two through Five of Petitioner's third § 2255 motion arise out of the same set of facts as the claims he set forth in his original § 2255 motion[2], Petitioner's relation-back argument is still fatally flawed. Since Petitioner withdrew his original § 2255 motion, there is no pending motion to which his third § 2255 motion can relate back to in order to be deemed timely. See Burns v. U.S., 152 Fed. Appx. 887, 890 (11th Cir. Oct. 18, 2005)(finding that the petitioner's original § 2255 motion, which had been denied by the court and the case had been closed, could not be amended, and as such, the petitioner's untimely,

---

[1] The Eleventh Circuit entered its judgment affirming Petitioner's conviction on April 17, 1998. Thereafter, Petitioner had until July 16, 1998 to petition the Supreme Court for review. Petitioner did not do so, and as such, his judgment of conviction became final on July 16, 1998. See Clay v. U.S., 537 U.S. 522, 527 (2003)(stating that after a non-meritorious appeal, "[f]inality attaches when th[e] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

[2] In order for an untimely, amended § 2255 motion to relate back to a timely filed § 2255 motion, the claims in the amended motion must arise out of the same conduct, transaction, or occurrence as the claims in the original motion. See Davenport v. U.S., 217 F.3d 1341, 1344 (11th Cir. 2000).

amended § 2255 motion could not relate back and be deemed timely filed); Jones v. U.S., 304 F.3d 1035, 1043 n.16 (11th Cir. 2002)(noting that the subsequent § 2255 motion could not relate back to an earlier filed § 2255 motion that had already been ruled on). Accordingly, Grounds Two through Five of Petitioner's third § 2255 motion are untimely, and as such, the Court denies Petitioner's § 2255 motion as to those grounds. Therefore, the only ground remaining for this Court to consider on the merits is Petitioner's arguments set forth in Ground One.

In Ground One, Petitioner argues that his conviction for the money laundering counts should be vacated due to the Supreme Court's decisions in Santos and Martinez. Specifically, he makes three arguments in support of this contention: (1) there was insufficient evidence at trial as to two of the elements of money laundering–profits and knowledge–because there was no evidence that Petitioner laundered "profits" from an unlawful activity or that Petitioner knew that the transactions involved profits from an unlawful activity; (2) the indictment and jury instructions were defective regarding the money laundering counts, because both omitted the elements of profits and knowledge of profits; and (3) his sentence for the money laundering counts was calculated incorrectly, because the Court based the Guideline calculation on the gross amount of the laundered funds as opposed to the net profits. As explained below, these arguments have no merit.

### A. Supreme Court Decisions

In the instant case, Petitioner was convicted of money laundering the proceeds of a mail and wire fraud Ponzi scheme, in violation of 18 U.S.C. § 1956(a)(1). The money laundering statute makes it unlawful for a person to conduct a financial transaction knowing that the property involved in the transaction represents the proceeds of some form of unlawful activity,

when the transaction is done for one of the purposes set forth in § 1956(a)(1)(A) or (B).

Petitioner cites the Supreme Court's decisions in Santos and Martinez in support of his argument that his money laundering convictions should be vacated. However, Petitioner's reliance on Santos and Martinez is misplaced.

In Santos, the issue before the Court was the definition of the term "proceeds" in the money laundering statute, since the statute did not define the term. 553 U.S. at 511. One of the defendants in Santos had been charged with money laundering relating to an illegal lottery that he was running. See id. at 509. The Government argued that the term "proceeds" meant "gross receipts," but the defendant countered that the term meant "profits." See id. at 514.

Justice Scalia wrote a four-part opinion in Santos, finding that "proceeds" meant "profits." See id. at 509-24. However, only three parts of his four-part opinion are for a plurality of justices. See id. at 508. Justice Stevens, who was the fifth vote of the plurality, stated in a concurring opinion that the "Court need not pick a single definition of 'proceeds' applicable to every unlawful activity." Id. at 525.

The Santos decision has been narrowly interpreted by the Eleventh Circuit to hold only "that gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956." See U.S. v. Demarest, 570 F.3d 1232, 1242 (11th Cir. 2009). Thus, if the unlawful activity from which the proceeds arise is not an unlicensed gambling operation, then Santos is inapplicable. See id; see also U.S. v. Lopez, 2010 WL 4559364, at *14 (11th Cir. Nov. 12, 2010); U.S. v. Hein, 2010 WL 3549952, at *4 (11th Cir. Sept. 14, 2010); U.S. v. Puerto, 2010 WL 3191765, at *4 n.3 (11th Cir. Aug. 12, 2010); King v. Keller, 372 Fed. Appx. 70, 73 (11th Cir. April 7, 2010); U.S. v. Jennings, 599 F.3d 1241, 1252 (11th Cir. 2010).

Petitioner argues that this Court should disregard the Eleventh Circuit's narrow interpretation of Santos–which results in the term "proceeds" meaning "profits" when the proceeds being laundered are from unlicensed gambling, but the term means "gross receipts" when the proceeds being laundered come from any other unlawful activity–because it conflicts with Martinez. Specifically, Petitioner contends that Martinez mandates that a statutory term be given only one definition that does not change based on the facts of the case. 543 U.S. at 386. While it appears that seven of the justices in Santos would agree that the term "proceeds" can only be given one definition that does not change based on the facts of the case, there were not five justices within those seven that could agree on a single definition of proceeds. Santos, 533 U.S. at 508, 522, 532 (Justices Scalia, Souter, and Ginsburg agree that proceeds has one definition–profits; Justices Alito, Roberts, Kennedy, and Breyer agree that proceeds has one definition–gross receipts). Given the split in the Santos decision, and given that the Eleventh Circuit has continued to hold that "proceeds" means profits under § 1956(a)(1) only with respect to illegal gambling, this Court cannot accept Petitioner's argument to the contrary.[3] Accordingly, since Petitioner was not convicted of laundering proceeds from unlicensed gambling, Santos is inapplicable to Petitioner's conviction for the two counts of money laundering.

**B. Analysis of Ground One of Petitioner's Third § 2255 Motion**

Since Santos is not applicable to Petitioner's conviction, his arguments in support of Ground One based on Santos fail. Specifically, even assuming that there was no evidence at trial

---

[3]This Court notes that after the Santos decision, Congress amended § 1956 to specifically state that the term "proceeds" includes "gross receipts." 18 U.S.C. 1956(c)(9).

that Petitioner laundered "profits" from the Ponzi scheme (as opposed to gross receipts), and despite the fact that the indictment did not allege that Petitioner laundered "profits," nor did the jury instructions define the term "proceeds" to mean "profits," his conviction for money laundering remains valid and proper. Likewise, this Court did not err in calculating Petitioner's sentence based on the gross receipts of the money laundering, rather than on the profits. Accordingly, the Court denies Petitioner relief under Ground One.

### III.  Conclusion

Petitioner's amended § 2255 motion (CV Doc. No. 13; CR Doc. No. 581) is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner

is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of November, 2010.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge